**[ECF No. 35]**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **SANIYAH MCCARGO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MITRA QSR KNE, LLC,**<br><br>**Defendant.** | **Civil No. 24-9478-RMB-SAK** |

## **OPINION AND ORDER**

This matter is before the Court on Defendant Mitra QSR KNE, LLC's first motion to amend. Def.'s Mot., ECF No. 35. No opposition has been filed. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; *see also* L. CIV. R. 78.1. For the reasons to be discussed, Defendant's motion is **DENIED.**

## **I. BACKGROUND**

This action was initiated in the Superior Court of New Jersey and subsequently removed to the District of New Jersey. *See* Notice or Removal, ECF No. 1. Plaintiff, an employee at Defendant's KFC franchise, filed this action on August 27, 2024, alleging severe sexual harassment by Defendant's Assistant Manager. *See generally* Compl., ECF No. 1-1. Plaintiff asserts claims of a hostile work environment based on sex, retaliation under the New Jersey Law Against Discrimination, and negligent supervision. *Id.* Defendant filed its Answer on October 7, 2024, denying Plaintiff's allegations and asserting defenses of failure to state a claim, failure to mitigate, the existence of legitimate non-discriminatory and non-retaliatory bases for Defendant's employment actions, the statute of limitations bar, and Plaintiff's contributory negligence. *See*

*generally* Answ., ECF No. 6. On November 5, 2024, the Court held the initial conference and issued a scheduling order. *See* Scheduling Order, ECF No. 14. Pursuant to this scheduling order, the deadline to seek amendments to the pleadings expired on January 31, 2025. *Id.* ¶ 7.

On December 9, 2025, the parties participated in compulsory arbitration pursuant to L. CIV. R. 201.1. The docket report indicates the arbitration award was issued on December 22, 2025. On January 14, 2026, the parties filed a joint request for trial de novo. Request for Trial De Novo, ECF No. 31. Thereafter, the Court conducted two status conferences—one on January 29, 2026 [ECF No. 33] and the other on March 31, 2026 [ECF No. 34]. Counsel for Defendant did not raise the issue of seeking to amend Defendant's Answer at either conference.[1] On April 8, 2026, Defendant sought leave to file an amended answer. Def.'s Mot., ECF No. 35. Shortly thereafter, on April 13, 2026, Defendant filed a motion for summary judgment, relying in part on new defenses raised in its proposed amended answer. *See generally* Def.'s Mot. for Summary Judgment, ECF No. 36.

In its motion, Defendant seeks leave to add three additional affirmative defenses. Def.'s Mot. at 1, ECF No. 35 at 1. Specifically, it seeks to assert that: (1) Defendant exercised reasonable care to prevent and correct any sexually harassing behavior, and Plaintiff failed to take advantage of any such preventive or corrective opportunities; (2) Plaintiff's negligence claim is barred by the New Jersey Workers' Compensation Act; and (3) Plaintiff's negligence claim is preempted by the New Jersey Law Against Discrimination. *See* Proposed Am. Answ. ¶¶ 123, 127, 128, ECF No. 35-2 at 13. Defendant asserts it became aware of the necessity to raise these defenses during

[1] The Text Order stemming from the January 29, 2026 status conference addressed deadlines for completing expert depositions and filing dispositive motions [ECF No. 33]. The Text Order issued following the March 31, 2026 status conference, noted that that expert discovery had reportedly been completed and that the deadline for filing dispositive motions was April 13, 2026 [ECF No. 34].

arbitration and while conducting research on its motion for summary judgment. Def.'s Mem. at 2–3, ECF No. 35-1 at 2–3. Thus, Defendant contends, there is good cause for the amendment under Rule 16(b)(4). Defendant also contends that leave to amend should be granted pursuant to Rule 15, as the proposed amendments "add defenses that are purely legal or implicate factual matters fully explored in the discovery process," and therefore would not prejudice Plaintiff. *Id.* at 5.

## II. DISCUSSION

### A. Legal Standard

Rule 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED R. CIV. P. 16(b)(4). The Third Circuit Court of Appeals directs that "when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedures applies." *Premier Comp Sols., LLC v. UPMC,* 970 F.3d 316, 319 (3d Cir. 2020). "A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Id.* "[U]nlike Rule 15(a)(2) and its focus on the question of prejudice to the non-moving party, Rule 16(b)(4) focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). In assessing diligence, district courts ask whether the moving party "possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *See Arzadi v. Evanston Ins. Co.*, No. 17-5470, 2021 WL 1712527, at *2 (D.N.J. Apr. 29, 2021) (citation omitted). "Good cause may be satisfied if the movant shows that their delay in filing the motion

to amend stemmed from any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (alteration and internal quotation marks omitted). If a movant had the knowledge necessary to file a motion prior to the expiration of the Court's deadline and fails to provide a satisfactory explanation for the delay, the Court has the discretion to deny the motion. *See Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (upholding trial court's finding that movant could not satisfy "good cause" because it possessed the facts underlying its proposed counterclaim well before the deadline to amend).

**B. Analysis**

Defendant filed its motion for leave to amend on April 8, 2026, more than fourteen months after the January 31, 2025 deadline. Because of the untimeliness of the motion, the Court will first consider whether Defendant satisfies Rule 16's "good cause" standard for amending its Answer. Defendant describes the circumstances prompting its motion to amend as follows:

> Mitra first became aware of the two negligence defenses presented in its Amended Answer at the summary judgment stage. In preparation for the mandatory arbitration on December 9, 2025, Mitra focused squarely on the merits of plaintiff's negligent supervision claim. However, after the arbitrator returned an award for plaintiff on that claim, Mitra reevaluated its defense strategy and explored alternative legal theories that might dispose of the negligence claim on summary judgment. In the course of its summary judgment research, Mitra determined that plaintiff's negligent supervision claim is barred by the exclusive remedy provision of the New Jersey Workers Compensation Act ("NJWCA").
>
> . . .
>
> As for the addition of the so-called *Faragher-Ellerth* defense to plaintiff's hostile work environment claim, Mitra's position from the outset was that the defense is not implicated in this case because the accused harasser was not a supervisor. . . . At the arbitration, plaintiff doubled down on the contention that the perpetrator was a supervisor as the term has come to be defined in LAD cases. Mitra disagrees but will invoke the defense if the Court finds supervisory status.

Def.'s Mem. at 2–3, ECF No. 35-1 at 2–3. Defendant also professes, "[c]learly, the failure to include the defenses was due to an oversight at the outset of the litigation and should be excused." *Id.* at 4.

The Court finds Defendant's overall actions and the circumstances prompting it to ultimately seek to amend fail to demonstrate due diligence. Defendant asserts that it first became aware of the two negligence defenses in the course of conducting summary judgment research. Critically, Defendant does not claim to have obtained newly discovered facts that made the proposed new defenses viable, but rather that it learned of two new negligence defenses while preparing its motion for summary judgment. The facts necessary to assert the proposed new defenses were known to Defendant at the outset of this litigation. It was aware of the entirety of Plaintiff's claims at the time it filed its Answer, but failed to exercise the necessary diligence to ascertain a comprehensive set of potentially applicable defenses to be included in its Answer. It then delayed conducting further appropriate research until preparing its motion for summary judgment. Defendant concedes that this failure was "an oversight at the outset of litigation." *Id.* Nevertheless, it provides no explanation as to why the failure was not rectified by the January 31, 2025 deadline to amend. It further failed to justifiably explain why it waited until the eve of the deadline for filing summary judgment motions, to seek to correct its oversight.

Defendant also asserts that it was aware of the "so-called *Faragher-Ellerth* defense," from the "outset" but thought this defense was not implicated as Defendant did not view the accused harasser as a supervisor. *Id.* at 3. The decision to invoke this defense was made during arbitration, when Plaintiff "doubled down on the contention that the perpetrator was a supervisor" within the meaning of the LAD. *Id.* at 3. Defendant's justification for failing to assert this defense is also flawed. It fails to adequately explain why this potentially viable defense was not included in its

initial Answer, along with the other potentially viable defenses that were asserted. Moreover, even if it first became apparent at arbitration that Defendant should invoke the *Faragher/Ellerth* defense, it waited until April 8, 2026—more than three months after the December 22, 2025 issuance of the arbitration award—to seek leave to amend. The Court also conducted two status conferences following the parties' joint request for trial de novo. However, counsel for Defendant did not express an interest in amending Defendant's answer at either conference.

Here, Defendant was aware, or with due diligence, should have been aware at the outset of litigation that the defenses it now seeks to add could have been added early in litigation. Its failure to act on this knowledge for over fourteen months after expiration of the deadline to amend, falls substantially short of demonstrating good cause. *See Dimensional Commc'n, Inc.*, 148 F. App'x at 85 (upholding trial court's finding that movant could not satisfy "good cause" because it was in possession of the facts underlying its proposed counterclaim well before amendment deadline); *see also Kennedy v. City of Newark*, Civ. No. 10-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). The Court finds Defendant failed to exercise reasonable diligence to determine in a timely manner viable defenses to defeat Plaintiff's claims. The Court concludes that Defendant fails to demonstrate good cause pursuant to Rule 16(b)(4) to amend its Answer to add any of the three proposed defenses.

In light of the Court's finding that Defendant has failed to satisfy its burden of showing good cause under Rule 16(b)(4), no further analysis is necessary under Rule 15. *See Arzadi*, No. 17-5470, 2021 WL 753970, at *2 n.2.

## III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** on this **21st** day of October, **2026**, that Defendant's motion to amend [ECF No. 35] is **DENIED**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Renée Marie Bumb, Chief Judge